**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00335-CV**

_____

**IN RE WILLIAM B. FLOWERS**

**Original Proceeding**
**258th District Court of San Jacinto County, Texas**
**Trial Cause No. D-9405-16**

**MEMORANDUM OPINION**

In this original proceeding for a writ of mandamus, William B. Flowers complains that due to the trial court's inaction Flowers has been unable to exercise his post-judgment right to recover excess proceeds from a tax sale held on November 1, 2022. An inmate confined in the Texas Department of Criminal Justice, Flowers asserts that he mailed a motion and proposed order to release excess proceeds from the registry of the court to the District Clerk, but that the Clerk and the trial court have ignored his subsequent requests for information. Flowers asks this Court to compel the trial court to order the District Clerk to provide file-stamped copies of all documents presented to the trial court in Trial Cause Number D-9405-16 after

1

November 1, 2022. Additionally, Flowers asks this Court to compel the trial court to order the District Clerk to provide Flowers with the notice required by section 34.03 of the Tax Code. *See* Tex. Tax Code Ann. § 34.03.[1] *See also id*. § 34.04.[2]

---

[1]Tax Code section 34.03 provides:

§ 34.03. Disposition of Excess Proceeds

(a) The clerk of the court shall:

(1) if the amount of excess proceeds is more than $25, before the 31st day after the date the excess proceeds are received by the clerk, send by certified mail, return receipt requested, a written notice to the former owner of the property, at the former owner's last known address according to the records of the court or any other source reasonably available to the court, that:

(A) states the amount of the excess proceeds;

(B) informs the former owner of that owner's rights to claim the excess proceeds under Section 34.04; and

(C) includes a copy or the complete text of this section and Section 34.04;

(2) regardless of the amount, keep the excess proceeds paid into court as provided by Section 34.02(d) for a period of two years after the date of the sale unless otherwise ordered by the court; and

(3) regardless of the amount, send to the attorney general notice of the deposit and amount of excess proceeds if the attorney general or a state agency represented by the attorney general is named as an in rem defendant in the underlying suit for seizure of the property or foreclosure of a tax lien on the property.

(b) If no claimant establishes entitlement to the proceeds within the period provided by Subsection (a), the clerk shall distribute the excess proceeds to each taxing unit participating in the sale in an amount equal to the proportion its taxes, penalties, and interests bear to the total amount of taxes, penalties, and interest due all participants in the sale.

(c) The clerk shall note on the execution docket in each case the amount of the excess proceeds, the date they were received, and the date they were transmitted to the taxing units participating in the sale. Any local government record data may be stored electronically in addition to or instead of source documents in paper or other media.

(d) The clerk may deduct from the amount of the excess proceeds the cost of postage for sending to the former owner of the property a notice under Subsection (a)(1).

[2]To comply with section 34.03, the trial court clerk must send a copy of the text of that section and section 34.04. Tax Code Section 34.04 provides:

§ 34.04. Claims for Excess Proceeds

(a) A person, including a taxing unit and the Title IV-D agency, may file a petition in the court that ordered the seizure or sale setting forth a claim to the excess proceeds. The petition must be filed before the second anniversary of the date of the sale of the property. The petition is not required to be filed as an original suit separate from the underlying suit for seizure of the property or foreclosure of a tax lien on the property but may be filed under the cause number of the underlying suit.

(b) A copy of the petition shall be served, in the manner prescribed by Rule 21a, Texas Rules of Civil Procedure, as amended, or that rule's successor, on all parties to the underlying action not later than the 20th day before the date set for a hearing on the petition.

(c) At the hearing the court shall order that the proceeds be paid according to the following priorities to each party that establishes its claim to the proceeds:

(1) to the tax sale purchaser if the tax sale has been adjudged to be void and the purchaser has prevailed in an action against the taxing units under Section 34.07(d) by final judgment;

(2) to a taxing unit for any taxes, penalties, or interest that have become due or delinquent on the subject property subsequent to the date of the judgment or that were omitted from the judgment by accident or mistake;

(3) to any other lienholder, consensual or otherwise, for the amount due under a lien, in accordance with the priorities established by applicable law;

(4) to a taxing unit for any unpaid taxes, penalties, interest, or other amounts adjudged due under the judgment that were not satisfied from the proceeds from the tax sale; and

(5) to each former owner of the property, as the interest of each may appear, provided that the former owner:

(A) was a defendant in the judgment;

(B) is related within the third degree by consanguinity or affinity to a former owner that was a defendant in the judgment; or

(C) acquired by will or intestate succession the interest in the property of a former owner that was a defendant in the judgment.

(c-1) Except as provided by Subsections (c)(5)(B) and (C), a former owner of the property that acquired an interest in the property after the date of the judgment may not establish a claim to the proceeds. For purposes of this subsection, a former owner of the property is considered to have acquired an interest in the property after the date of the judgment if the deed by which the former owner acquired the interest was recorded in the real property records of the county in which the property is located after the date of the judgment.

(d) Interest or costs may not be allowed under this section.

(e) An order under this section directing that all or part of the excess proceeds be paid to a party is appealable.

(f) A person may not take an assignment or other transfer of an owner's claim to excess proceeds unless:

(1) the assignment or transfer is taken on or after the 36th day after the date the excess proceeds are deposited in the registry of the court;

(2) the assignment or transfer is in writing and signed by the assignor or transferor;

(3) the assignment or transfer is not the result of an in-person or telephone solicitation;

(4) the assignee or transferee pays the assignor or transferor on the date of the assignment or transfer an amount equal to at least 80 percent of the amount of the assignor's or transferor's claim to the excess proceeds; and

(5) the assignment or transfer document contains a sworn statement by the assignor or transferor affirming:

(A) that the assignment or transfer was given voluntarily;

(B) the date on which the assignment or transfer was made and that the date was not earlier than the 36th day after the date the excess proceeds were deposited in the registry of the court;

(C) that the assignor or transferor has received the notice from the clerk required by Section 34.03;

(D) the nature and specific amount of consideration given for the assignment or transfer;

(E) the circumstances under which the excess proceeds are in the registry of the court;

(F) the amount of the claim to excess proceeds in the registry of the court;

(G) that the assignor or transferor has made no other assignments or transfers of the assignor's or transferor's claim to the excess proceeds;

(H) that the assignor or transferor knows that the assignor or transferor may retain counsel; and

(I) that the consideration was paid in full on the date of the assignment or transfer and that the consideration paid was an amount equal to at least 80 percent of the amount of the assignor's or transferor's claim to the excess proceeds.

(g) An assignee or transferee who obtains excess proceeds without complying with Subsection (f) is liable to the assignor or transferor for the amount of excess proceeds obtained plus attorney's fees and expenses. An assignee or transferee who attempts to obtain excess proceeds without complying with Subsection (f) is liable to the assignor or transferor for attorney's fees and expenses.

(h) An assignee or transferee who files a petition setting forth a claim to excess proceeds must attach a copy of the assignment or transfer document and produce the original of the assignment or transfer document in court at the hearing on the petition. If the original assignment or transfer document is lost, the assignee or transferee must obtain the presence of the assignor or transferor to testify at the hearing. In addition, the assignee or transferee must produce at the hearing the original of any evidence verifying the payment of the consideration given for the assignment or transfer. If the original of any evidence of the payment is lost or if the payment was in cash, the assignee or transferee must obtain the presence of the assignor or transferor to testify at the hearing.

(i) A fee charged by an attorney to obtain excess proceeds for an owner may not be greater than 25 percent of the amount obtained or $1,000, whichever is less. A person who is not an attorney may not charge a fee to obtain excess proceeds for an owner.

(j) The amount of the excess proceeds the court may order be paid to an assignee or transferee may not exceed 125 percent of the amount the assignee or transferee paid the assignor or transferor on the date of the assignment or transfer.

We requested responses from the Real Parties in Interest. San Jacinto County, Coldspring-Oakhurst Independent School District, San Jacinto Emergency Services District (collectively, the "Tax Entities"), and Kerry Carl Hagan, the attorney ad litem appointed by the trial court to represent the unknown heirs in the trial court, filed responses to Flowers' mandamus petition. The responses filed by the Tax Entities and Hagan include copies of the motion to release excess proceeds that Flowers filed in his capacity as an heir of Denson O. Hankins, Deceased, on November 30, 2022. The Tax Entities' appendix includes a copy of a letter dated February 13, 2023, from Flowers to the trial court. In the letter, Flowers requested "pertinent information and file-stamped copies of documents previously submitted to the Court in this cause via the Clerk." In this letter, Flowers tells the trial court, "Although a court clerk is not expressly required to send filed-stamped copies as a function, it is a service so commonly provided as a dignified administrators' official pleasure that it is generally accepted as a ministerial duty relied upon unspoken." Additionally, the Tax Entities appendix includes a copy of a letter from Flowers to the lawyer for the Tax Entities, in which Flowers acknowledged having received a copy of his motion but complained that he has also submitted a proposed order to release excess proceeds, a certificate of service, and a notice of change of address. In the letter, Flowers complains that the trial court clerk had not mailed a copy of Tax Code section 34.03 to him.

An inmate retains the constitutional right to petition the government for redress of grievances, which includes a reasonable right of access to the courts. *Hudson v. Palmer*, 468 U.S. 517, 523 (1984). Here, Flowers complains that the trial court clerk failed to send him a copy of Tax Code section 34.03. Assuming the trial court clerk violated a ministerial duty by failing to comply with section 34.03 (a)(1)(C), in his mandamus petition Flowers reveals he knew the amount of the excess proceeds and that counsel for the Tax Entities provided instructions on how to file a motion for an order releasing the excess funds from the registry of the court. From the mandamus record, it is evident that Flowers had sufficient information at his disposal to file a motion to release the excess proceeds of the tax sale from the registry of the court. Flowers has not shown that the trial court denied Flowers access to the courts because it did not order the District Clerk to mail a copy of the text of Tax Code section 34.03 to Flowers.

Flowers complains that "[a]fter receiving no response from the clerk indicating receipt of the submitted pleadings, follow-up correspondence with subsequent requests were mailed, in kind to the previous, requesting filed-stamped copies of the above and the information required to be sent to the previous owner per Tex. Tax Code section 34.03(a)." Flowers argues, "[b]y declining his request through total disregard with no response and no assertion of exemption from response, the Relator has been denied his constitutional right to access courts of this

7

state." Flowers asks the appellate court to compel the trial court to order the District Clerk

> to respond to Defendant William Bronson Flowers in cause no. D-9405-16 and present the documents required by Tex. Tax Code § 34.03 and file-stamped copies of the foresaid pleadings and correspondence submitted in this cause since November 1, 2022 by sending to him designated LEGAL MAIL at his address of record.

To support his argument that he is entitled to the relief sought in his mandamus petition, Flowers cites a mandamus opinion in a criminal case. *See In re Bonilla*, 424 S.W.3d 528, 528 (Tex. Crim. App. 2014) (orig. proceeding). In *Bonilla*, the Court of Criminal Appeals held that, although section 552.028 of the Texas Government Code broadly permits a governmental body to decline to give information requested by an incarcerated person, when the information relates only to the amount that it would cost to obtain trial and appellate transcripts for use in preparing an application for a writ of habeas corpus, applying section 552.028 to deny the inmate access to that information unconstitutionally infringes on his constitutional right to access the courts. *Id.* at 530 (citing Tex. Gov't Code Ann. § 552.028).

Flowers emphasizes that he "is a named party in active litigation to which he has already paid all court cost through the sale of his real property and home and is entitled to said requested file[]-stamped copies. He is not merely an inmate requesting free copies of the record post judgement or requesting public information." The documents he says he needs to be able to exercise his

8

constitutional right to access the courts are file-stamped copies of his proposed order to release excess proceeds, a certificate of service, and a notice of change of address. He fails to explain why not having file-stamped copies of those documents, or a response from the District Clerk acknowledging their filing, prevents Flowers from proceeding to a disposition of his motion for release of excess proceeds in the 258th District Court. None of the parties to this mandamus proceeding suggest that any of the Real Parties in Interest have claimed they had not been served with the Motion for Excess Proceeds, nor have they argued that Flowers is not entitled to have the trial court consider his motion on its merits because a proposed order did not accompany the motion. Although it is possible that Flowers requested a setting by hearing or submission in a transmittal letter when he filed his motion or his proposed order, and that request has been ignored, Flowers is not complaining that the trial court refused to consider his motion or set it for an evidentiary hearing so that he can prove his right to the proceeds. Flowers has not established that his constitutional right to access to the courts has been denied.

The relator has not shown that he is entitled to mandamus relief. Accordingly, we deny the petition for a writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on March 4, 2024
Opinion Delivered April 25, 2024
Before Golemon, C.J., Johnson and Wright, JJ.